UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                         Crim. Case No. 22-20322
v.                                       Hon. Thomas L. Ludington

GARDNER DODD,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO ADJOURN SENTENCE DATE

As discussed further below, the Government opposes the defendant's emergency motion to adjourn the sentencing date and believes that sentencing should go forward as scheduled this Thursday, August 29, 2024, at 2:00 p.m.

The Crime Victims' Rights Act and the Federal Rules of Criminal Procedure provide that crime victims have the right to be reasonably heard at sentencing. 18 U.S.C. § 3771(a)(4); Fed. R. Crim. P. 32(i)(4)(B), 60(a)(3). "District courts have broad discretion at sentencing to consider any 'information' about the defendant's 'background, character, and conduct' that they find helpful for choosing the sentence." *United States v. O'Lear*, 90 F.4th 519, 539 (6th Cir.

1

2024), *cert. denied*, No. 23-7132, 2024 WL 2116453 (May 13, 2024) (citing 18 U.S.C. § 3661 and *Concepcion v. United States*, 597 U.S. 481, 486 (2022)).

On August 22, 2024, contemporaneous with the filing of its Sentencing Memorandum, the Government submitted the victim impact statement of M.L., as well as an impact statement written by M.L.'s sister, for the Court's consideration at sentencing. The defendant has filed an Emergency Motion to Adjourn the Sentence Date on the basis of these two letters. (ECF No. 38.) Defense counsel opines that the letters contain "false and inflammatory allegations," and expresses concern that the defendant will be severely prejudiced and denied any opportunity to answer his accusers if those allegations are not "forcefully rebutted." Should the Court grant an adjournment, the defendant intends to bring witnesses to court to counter the "false charges."

The Government opposes the motion to adjourn, for several reasons. First, there is very little "new" information contained in M.L.'s or his sister's statements. Investigators interviewed both M.L. and his sister during the course of the government's investigation. The interviews were video recorded and produced to the defense in discovery,[1] along with other written statements made by M.L. and his sister, and myriad corroborating evidence. M.L. and his sister's impact

---

[1] The discovery was first made available to the defendant's prior counsel in July 2019, as part of an attempt at negotiating a pre-indictment resolution. These materials were then made available to current counsel on or about November 30, 2023.

2

statements are largely consistent with what they said in those prior recorded interviews and statements.  Thus, the defendant already had ample knowledge of what M.L.'s and his sister's statements might contain, and more than sufficient time to investigate the veracity of their claims.  Any additional details (and associated feelings) contained within are few and/or do not warrant an adjournment to investigate and gather witnesses.

In determining a sentence, courts routinely review and consider victim impact statements in conjunction with letters submitted in support of defendants; here seven such letters have already been received—yesterday, mid-morning. The statements and letters presented by the parties often conflict or differ in perspective.  This is true here also, as some of the seven letters submitted in support of the defendant already offer a dramatically countervailing perspective, presumably similar to that which the defense is seeking additional time to develop.[2]  Further investigation and gathering of additional witnesses to bring to court therefore seems redundant and, if allowed, would result in an unnecessary expansion of the sentencing hearing.  Moreover, the defendant has pleaded guilty to the charged conduct and will be given the chance to allocute at sentencing,

---

[2] The Government notes that many of those letters contain information that is inconsistent with the record evidence in material respects, and the Government will prepare to rebut them at sentencing to the extent necessary, using the current time available between now and the hearing.

giving him ample opportunity to "rebut" the victim's characterization of what happened.

Finally, the defendant's concern that he will be "denied any opportunity to answer his accusers" because M.L. and his sister do not intend to be present at the sentencing hearing, is unfounded. "The Confrontation Clause does not apply at sentencing." *O'Lear*, 90 F.4th at 540 (citations omitted). Thus, victims may give unsworn statements at sentencing that are not subject to cross-examination. *See id.* The fact that the statements at issue were presented to the defense and to the Court a week before sentencing does not make them any more subject to cross-examination than as if they were made for the first time at the sentencing hearing.

For the reasons stated above, the Government submits that any further investigation and gathering of witnesses at this juncture would be unnecessary and needlessly prolong these proceedings. The Government respectfully requests that the defendant's Emergency Motion to Adjourn Sentence Date be denied.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Ryan A. Particka*
RYAN A. PARTICKA
Assistant United States Attorney
Deputy Chief, White Collar Crime Unit

*s/Corinne M. Lambert*
CORINNE M. LAMBERT
Special Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Date:  August 27, 2024

## **CERTIFICATE OF SERVICE**

 I hereby certify that on August 27, 2024, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

 James C. Howarth
 150 W. Second Street, Suite 250
 Royal Oak, MI 48067
 (248) 353-6500
 james-howarth@att.net

 Mark A. Rouland
 150 W. Second Street, Suite 250
 Royal Oak, MI 48067
 (248) 353-6500
 mrouland@comcast.net

 Layne A. Sakwa
 150 W. Second Street, Suite 250
 Royal Oak, MI 48067
 (248) 353-6500
 Laynesakwa@gmail.com

A copy was also provided to United States Probation Officer Keith M. Stotts via email.

            *s/Corinne M. Lambert*
            CORINNE M. LAMBERT